UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED AMERICAN LINE/WORLDWIDE FREIGHT SERVICES, INC.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>FAST TRADE INC.,<br><br>　　　　　　　　　　　Defendant. | Case No. 1: 24-cv-04711 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

　　　　Plaintiff United American Line/Worldwide Freight Services, Inc. ("Plaintiff") filed this action on June 20, 2024, alleging breach of contract against Defendant Fast Trade Inc. ("Defendant"). *See generally* Dkt. 1. Plaintiff served Defendant on July 8, 2024. Dkt. 9. After Defendant's failure to answer or otherwise respond to the Complaint, the Clerk of Court issued a certificate of default as to Defendant on September 30, 2024. The Court ordered Plaintiff to move for default judgment, if it intended to do so, by October 21, 2024, which it failed to do. Dkt. 15. The Court extended the deadline *sua sponte* twice, having heard nothing from Plaintiff, warning that failure to comply with the Court's deadlines may result in dismissal of the case for failure to prosecute. Dkts. 24, 25. Finally, Plaintiff contacted the Court and requested an adjournment to November 27, 2024, which the Court granted, *see* Dkts. 26, 27. But Plaintiff did not move for default judgment by the November 27, 2024 deadline, and the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. Dkt. 28. Plaintiff responded, and the Court further extended the deadline to December 11, 2024. Dkts. 30, 31. The Court again warned Plaintiff that failure to comply with this deadline may result in dismissal for failure to prosecute. Dkt. 31.

1

On December 11, 2024, Plaintiff moved for default judgment. Dkt. 32. The Court ordered that Plaintiff file proof of service of the motion for default judgment and its order to show cause by December 17, 2024, and a default judgment hearing was scheduled for January 6, 2025. Dkt. 34. Plaintiff did not comply with the deadline to file proof of service, and the Court extended the deadline for service and Defendant's opposition, as well as the default judgment hearing date to January 21, 2025. Dkts. 37, 38.

Because it was not clear from the complaint nor the default judgment motion papers that there was personal jurisdiction over the Defendant, the Court directed Plaintiff to submit information addressing personal jurisdiction. Dkt. 36. On January 3, 2025, Plaintiff submitted a letter in which it claimed that the Court has personal jurisdiction over Defendant because the bills of lading between the parties provided for suits to be brought in this district. Dkt. 39. The Court ordered Plaintiff to submit the bills of lading. Dkts. 41, 42. Despite several court orders, Plaintiff has still not provided the requested information showing that there is personal jurisdiction over the Defendant.

Defendant finally contacted the Court on January 10, 2025, requesting an extension of time for the hearing, representing that it had "received notification of this case only recently, severely limiting [Defendant's] ability to secure legal representation in New York within the existing time frame." Dkt. 43. Defendant sought a 120-day adjournment of the hearing. *Id.* The Court adjourned the hearing to March 18, 2025. Dkt. 44. No notice of appearance was ultimately filed by counsel for Defendant.

The Court held the hearing on March 18, 2025. Neither party appeared. The parties did not contact the Court to inform it of any difficulties with the deadline or otherwise communicate that they would not appear. The Court called Plaintiff's counsel and left a voicemail message, to no avail.

Plaintiff has not submitted its bills of lading as ordered, nor provided any other evidence that there is personal jurisdiction over the Defendant. Plaintiff has not contacted the Court since January 7, 2025, nor appeared for today's hearing.

Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Courts must consider the following factors when making this determination: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Court has considered the factors set forth in *Baptiste* and concludes that they favor dismissal. Plaintiff has missed Court-ordered deadlines since September 2024 and still has not complied with the Court's order to submit the bills of lading or other proof that the Court has personal jurisdiction over the Defendant. The Court has twice warned Plaintiff that failure to comply with its deadlines could result in dismissal for failure to prosecute. *See* Dkts. 25, 31. Moreover, Plaintiff failed to appear at the March 18, 2025 hearing to pursue its motion for default judgment. In light of the parties' consistent failure to comply with Court-ordered deadlines and failure to appear at the scheduled hearing, the Court will dismiss this case without prejudice for failure to prosecute this action. Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting

a party's right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209 (citation omitted).

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 32 and close the case.

Dated: March 18, 2025
       New York, New York

                                    SO ORDERED.

                                    *Jennifer Rochon*
                                    JENNIFER L. ROCHON
                                    United States District Judge